IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CRIMINAL NO.  07-00108-WS |
| | ) | |
| TIRELL DERANN BOWIE, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

This matter is before the Court on the defendant's motion to sever counts and defendants.  (Doc. 15).  The government has filed a response, (Doc. 18), and the defendant has declined the opportunity to reply.

The defendant and his wife, co-defendant Monique McCall, were indicted in a 25-count indictment involving fraudulent claims to FEMA for hurricane relief on two residences as follows:

| Count | Defendant | Storm | Residence | Code Section |
|---|---|---|---|---|
| 1-3 | McCall | Ivan | Mobile | 287, 1343 |
| 4-10 | McCall | Dennis | Mobile | 287, 1343 |
| 11 | McCall | Katrina | Coden | 287 |
| 12-22 | McCall, Bowie | Dennis | Coden | 2, 1343 |
| 23-25 | Bowie | Katrina | Mobile | 287, 1341, 1343 |

The defendant argues that there has been an "unlawful amalgam of counts" in violation of Rule 8(a).  His solution is to sever the counts so that there would be four trials rather than one, as follows: (a) Counts 1-3; (b) Counts 4-10 and 12-22; (c) Count 11; and (d) Counts 23-25.

"The indictment ... may charge a defendant in separate counts with 2 or more offenses if the offenses charged ... are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or

plan." Fed. R. Crim. P. 8(a). The defendant's alleged fraudulent conduct in the wake of Dennis is patently of a "similar character" with his alleged conduct following Katrina, and all "constitute parts of a common scheme or plan." Likewise, McCall's alleged fraudulent conduct after Ivan, Dennis and Katrina is plainly of a similar character and part of a common scheme or plan. There is no misjoinder under Rule 8(a).

"The indictment ... may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). The defendant admits this standard is met with respect to Counts 4-10 and 12-22, which he agrees should be tried together. His only complaint is that he should not be tried with McCall with respect to her alleged misconduct following Ivan (Counts 1-3) and Katrina (Count 11).

The defendant posits that his misconduct is not part of the same act or series of acts as are McCall's with respect to Ivan and Katrina. But his misconduct with respect to Dennis, as he acknowledges, is so connected, and Rule 8(b) imposes no requirement that, once defendants have engaged in such joint misconduct, they cannot be jointly tried on additional misconduct that is part of the scheme or plan of one defendant but not the other.

For example, in *United States v. Dennis*, 645 F.2d 517 (5th Cir. 1981), the indictment charged several defendants in six counts in connection with a series of fraudulent equipment transactions involving one victimized company. One appellant was charged in only a single count, involving a single transaction, while another was named in all but one of the counts. The old Fifth Circuit held that joinder was proper under Rule 8(b), even though the first appellant "knew nothing of previous [charged] transactions between" his co-appellant and the victim, because there was "sufficient commonality between transactions alleged in the indictment to justify joinder." *Id*. at 520-21.

Just as in *Dennis*, here the co-defendant began defrauding the victim, with the defendant becoming involved only later. Even if it be assumed that the defendant here

"knew nothing of previous" defrauding of FEMA by his wife, there is, as in *Dennis*, "sufficient commonality between transactions alleged in the indictment to justify joinder." There is no misjoinder under Rule 8(b).

The defendant argues finally that severance should be ordered under Rule 14, on the grounds that the evidence against McCall with respect to Ivan and Katrina will be "impossible for a jury to separate" from the evidence against him.

"[W]hen defendants properly have been joined under Rule 8(b), a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993). In weighing a motion to sever, "it is presumed that cautionary instructions to the jury to consider the evidence separate as to each defendant will adequately guard against prejudice." *United States v. Leavitt*, 878 F.2d 1329, 1340 (11th Cir. 1989); *cf. Zafiro*, 506 U.S. at 539 ("limiting instructions ... often will suffice to cure any risk of prejudice"). The defendant has made no effort to explain why limiting instructions are inadequate, and the nature of the case — only two defendants, a clearly delineated indictment, and separate paper trails for each FEMA claim — provides no reason to suspect that such instructions would not protect the defendant from prejudice.

For the reasons set forth above, the defendant's motion to sever is **denied**.[1]

DONE and ORDERED this 11th day of June, 2007.

    s/ WILLIAM H. STEELE
    UNITED STATES DISTRICT JUDGE

---

[1] The government states that Counts 12-22 actually concern a Katrina claim rather than a Dennis claim. (Doc. 18 at 4 n.2). If so, this would affect the grouping of counts, but it would not impact the analysis or result of the defendant's motion.